UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VANESSA CLAIRE DAVIS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BARCLAYS GROUP a/k/a BARCLAYS BANK OF DELAWARE, N.A. a/k/a BARCLAYS BANK,<br><br>　　　　Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:17-cv-03545<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes VANESSA CLAIRE DAVIS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining as to the conduct of BARCLAYS GROUP a/k/a BARCLAYS BANK OF DELAWARE, N.A. a/k/a BARCLAYS BANK ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a 59 year old natural person residing at 3 West 120th Street, Chicago, Illinois, which falls within the Northern District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a national banking institution organized under the laws of the United States with its headquarters located in Wilmington, Delaware. Defendant is a foreign company that regularly conducts business and collects upon consumers in Illinois.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. A couple of years ago, Plaintiff obtained a consumer line of credit through Defendant. *See* attached Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

10. Plaintiff eventually fell behind on some of her monthly payments owed to Defendant, thus incurring debt ("subject debt").

11. In early 2016, Plaintiff began receiving calls to her cellular phone, (312) XXX-2047, from Defendant. *See* Exhibit A.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 2047. Plaintiff is and has always been financially responsible for the cellular phone and its services.

13. Defendant calls Plaintiff's cellular phone using a variety of telephone numbers, including but not limited to: (866) 408-4070, (866) 740-4298, and (866) 483-3735. *Id.*

14. Upon information and belief, the aforementioned phone numbers are all regularly utilized by Defendant to contact consumers during its debt collection activities.

15. When Plaintiff answers calls from Defendant, she experiences a brief pause before she is connected with a live representative. *Id.*

16. Upon speaking with one of Defendant's representatives, Plaintiff was notified that it was attempting to collect upon the subject debt. *Id.*

17. Lacking the ability to pay Defendant, Plaintiff informed it of her financial situation and asked it to stop calling her. *Id.*

18. Around May 2016, Plaintiff spoke with one of Defendant's representatives and notified it that she would be sending in a payment, and again reiterated her demands that it stop calling her. *Id.*

19. Despite Plaintiff's requests, Defendant has continued to relentlessly call her cellular phone up until the date of the filing of this complaint. *Id.*

20. Defendant has also called Plaintiff's cellular phone multiple times during the same day, even after being told that she does not wish to be contacted. *Id.*

21. Defendant has even called Plaintiff's husband's phone in an attempt to collect upon the subject debt. *Id.*

22. Plaintiff has received not less than 25 calls from Defendant after asking it to stop calling her. *Id.*

23. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding her rights resulting in costs and expenses.

24. Plaintiff has suffered financial loss as a result of Defendant's actions.

25. Plaintiff has been unfairly harassed by Defendant's actions.

26. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

29. Defendant used an ATDS in connection with it communications directed towards Plaintiff. The brief pause that Plaintiff experiences during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's calls strongly suggests that an ATDS was being utilized.

30. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent Plaintiff *may* have given to Defendant was explicitly revoked by her demands that it cease contacting her.

31. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

32. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant was notified that Plaintiff did not wish to be contacted, but it willfully violated the law in an attempt to harass her into submission.

WHEREFORE, Plaintiff, VANESSA CLAIRE DAVIS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

35. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

36. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

37. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when she requested that it no longer do so. Defendant ignored Plaintiff's requests and continued to systematically place calls to her cellular phone without her consent. Following its characteristic behavior in placing multiple calls to consumers, Defendant engaged in an unfair and deceptive act, willfully done with the hope that Plaintiff would be compelled to make payment.

38. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

39. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

40. As pled in paragraphs 22 through 26, Plaintiff has suffered actual damages as a result of Defendant's unlawful collection practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff.

6

Defendant acted in defiance of Plaintiff's prompts. Defendant was notified that Plaintiff did not wish to be contacted, yet, it continued to harass her with collection phone calls in an attempt to extract payment from her. Defendant even placed calls to Plaintiff's husband's phone, seeking to collect upon the subject debt. In an unfair and deceptive manner, Defendant called Plaintiff at least 25 times, even though it had more than enough information to know that it should not continue calling Plaintiff, as it was told to stop. In defiance of the law, Defendant falsely and deceptively represented that it had the legal ability to contact Plaintiff seeking collection of a debt when it did not. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, VANESSA CLAIRE DAVIS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 11, 2017                             Respectfully submitted,

s/ Nathan C. Volheim                            s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                           Counsel for Plaintiff
Admitted in the Northern District of Illinois   Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                        Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150                  900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523                       Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)                     (630) 575-8181 x110 (phone)
(630) 575-8188 (fax)                            (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                        thatz@sulaimanlaw.com